IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERMAINE TYRELL PATTON,

    **Plaintiff,**

    v.                                                              CASE NO. 21-3147-SAC

(FNU) THOMAS, Warden,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jermaine Tyrell Patton is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although Plaintiff is currently incarcerated at FCI-Williamsburg in Salters, South Carolina, the events giving rise to his Complaint occurred during his detention at CCA in Leavenworth, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $23.00, which is due by July 6, 2021. (Doc. 4.)

Plaintiff alleges that he was transported to CCA on December 20, 2016. Plaintiff alleges that while in the custody of the U.S. Marshals and housed at CCA, staff ignored threats they received against Plaintiff prior to his assault on July 6, 2018. Plaintiff alleges that he was

detained at CCA until August 2018. Plaintiff alleges that he filed grievances while detained at CCA, and sent tort claims in June of 2020 but did not receive a response.

Plaintiff names as Defendants: (fnu) Thomas, Warden of CCA; (fnu) Moore, Chief of Security, CCA; Kyle Deere, Assistant Warden, CCA; CCA; U.S. Marshal of Kansas; U.S. Marshals U.S.A.; and (fnu) (lnu), Director, CCA. Plaintiff seeks punitive and compensatory damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Statute of Limitations

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). "A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit." *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint

on June 18, 2021.  Plaintiff's alleged violations occurred around July 2018.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.  Plaintiff should show good cause why his claims are not barred by the statute of limitations.

### 2. Plaintiff's Claim Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted).

Defendant CCA is a private corporation.  "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The requirement is satisfied if two conditions are met.  First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457

U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

Plaintiff alleges no facts to support an inference that any defendant was acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State. Plaintiff references only one government agency in his Complaint—the U.S. Marshals Service, a federal, not state, agency. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

### 3. *Bivens* Claim Against CCA

The Supreme Court has held that a *Bivens* action does not lie against a private corporation that manages a private prison. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). Plaintiff names CCA as a defendant, as well as staff at CCA. The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation). In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth

> Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126. Defendant CCA is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id*. at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential

defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id*. at 130. In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CCA and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal

8

constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against CCA or its employees.

### 4. Claims Against the Government Defendants

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In *Bivens*, the Supreme Court set forth a remedy for constitutional violations committed by federal officials. *Bivens*, 403 U.S. 388. "However, a *Bivens* claim can be brought only against federal officials in their individual capacities" and cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) and *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994)).

## IV. Motion to Appoint Counsel

Plaintiff argues that he is currently in the Special Housing Unit with no access to a law library. Plaintiff alleges that he cannot properly research and prepare arguments, he lacks knowledge and language to support his claims, and he cannot afford counsel.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision

whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 23, 2021,** in which to show good cause why this matter should not be dismissed. Failure to respond by this deadline may result in dismissal of this matter without further notice.

**IT IS SO ORDERED.**

**Dated June 29, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**