IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERMAINE TYRELL PATTON,

    **Plaintiff,**

    v.                                  CASE NO. 21-3147-SAC

(FNU) THOMAS, Warden,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although Plaintiff is currently incarcerated at FCI-Williamsburg in Salters, South Carolina, the events giving rise to his Complaint occurred during his detention at CCA in Leavenworth, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On June 29, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until July 23, 2021, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed.

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on June 18, 2021. Plaintiff's alleged violations occurred around July 2018. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995)

(district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.  The Court directed Plaintiff to show good cause why his claims are not barred by the statute of limitations.

The Court also found in the MOSC that Plaintiff provided no factual claim or support for a claim that Defendants acted under color of state law.  Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

The Court also found in the MOSC that Plaintiff failed to state a claim under *Bivens*.  The Supreme Court has held that a *Bivens* action does not lie against a private corporation that manages a private prison.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).  Plaintiff names CCA as a defendant, as well as staff at CCA.  The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation).  Plaintiff's remedy against CCA and its employees, if any, is an action in state court for negligence or other misconduct.  *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at

\*8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).

The Court's MOSC provided that "[f]ailure to respond by this deadline may result in dismissal of this matter without further notice." (Doc. 5, at 10.)  Plaintiff has failed to show good cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated August 4, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**